PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.    10.

*For reversal*—None.

---

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ISRAEL ALLGOR, PLAINTIFF IN ERROR.

Submitted December 6, 1915—Decided January 28, 1916.

On error to the Supreme Court, in which court the following *per curiam* was filed:

"The defendant was convicted of the crime of robbery from the person, the victim being one George Winters. This case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act. But two grounds of reversal are relied upon by counsel for the plaintiff in error.

"He first contends that illegal evidence was admitted. The father of the plaintiff in error was called as a witness on his behalf, and on his cross-examination he was asked whether he had not paid to Winters, the prosecuting witness, a sum of money, the equivalent of that which had been taken from his person, and admitted that he had; and the contention is that this testimony was illegal. We think it was competent for the purpose of showing the interest of the witness, and if the question was fairly before us, we would so hold. But no objection was made to the questions asked by the prosecutor, or to the answers made by the witness, and, consequently, the

validity of this evidence is not properly before us, even under the broad review provided by the section of the statute referred to. That section provides that if it appears from the record of the proceedings sent up with the writ that the plaintiff in error, on the trial below, suffered manifest wrong or injury, either in the admission or rejection of testimony, whether objection was made thereto or not, * * * the appellate court shall remedy such wrong or injury, and give judgment accordingly, and order a new trial. The language connotes judicial action with relation to testimony taken at the trial, *i. e.*, a ruling by the trial court either admitting or rejecting it, and unless such ruling is made, no error is committed upon which to base a reversal.

"The only other ground of reversal is based upon the allegation that the grand jury was not properly drawn. The argument is that it should have been drawn under the 'Chancellor-Sheriff' act, instead of under the 'Fielder' act. Assuming the question to be properly raised, the contention must be determined adversely to the claim of the plaintiff in error under the authority of *State* v. *Toth,* 86 *N. J. L.* 247, a decision of the Court of Errors and Appeals.

"The judgment under review will be affirmed."

For the plaintiff in error, *Charles F. Sexton.*

For the defendant in error, *R. Ten Broeck Stout.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.